Staci Jennifer Riordan (SBN 32659)
NIXON PEABODY LLP
300 S. Grand Avenue, Suite 4100
Los Angeles, CA 90071-3151
Telephone: 213-629-6000
Facsimile: 213-629-6001

*Attorney for Defendant*
REMRYLIE LICENSING, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **REMRYLIE LICENSING, INC.**, a **California Corporation, et al.**,<br><br>   Plaintiff,<br><br>   vs.<br><br>**BIOWORLD MERCHANDISING, INC.** a Texas Corporation,<br><br>   Defendant. | Case No. 17-cv-00166<br><br>**COMPLAINT FOR BREACH OF CONTRACT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Remrylie Licensing, Inc. ("Remrylie") alleges as follows for its Complaint for Breach of Contract arising under the laws of the United States, against Defendant Bioworld Merchandising, Inc.:

## THE PARTIES

1.   Plaintiff Remrylie is a corporation organized and existing under the laws of the State of California, with a principal place of business located in California.

2.   Defendant Bioworld Merchandising, Inc. ("Bioworld") is a corporation organized and existing under the laws of the State of Texas with a principal place of business located in Texas.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

4. Upon information and belief, this Court has specific personal jurisdiction over Bioworld because Bioworld has placed infringing goods into the stream of commerce with the expectation that they would be purchased in the State of California and/or otherwise has purposefully directed activities toward the State of California related to the sale of infringing goods.

5. Venue for this action is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

6. Remrylie is the licensee of the publicity rights of famed rapper Christopher Wallace (also known as the Notorious BIG or "BIG") for apparel products. This allows Remrylie the authority to license the image, name, and likeness of BIG for the use in apparel products on behalf of Mr. Wallace's estate.

7. In or about January 2013, Remrylie and Bioworld entered into an agreement which in relevant part, gave Bioworld the right to exploit the name, image and likeness of Christopher Wallace, solely in connection with the materials provided to Bioworld by Remrylie. That agreement (the "Agreement") is attached to this complaint as Exhibit A.

8. Under the Agreement, Remrylie would the copyrights held by photographers who had taken photographs of BIG. Remrylie would then provide Bioworld with properly licensed photographs of BIG, which Bioworld would use in the creation of merchandise. All merchandise designs were required to be approved by Remrylie.

9. In or around late 2011, Bioworld sent a merchandising design to Remrylie for design approval (the "Design"). Rather than using one of the approved and properly licensed photos of BIG that Remrylie had provided to Bioworld, a

1  Bioworld employee found a photograph of BIG on the internet, downloaded it,
2  removed the watermark, and placed it on the merchandising.
3      10.   Bioworld did not tell Remrylie that the photograph used in the Design
4  was taken from the internet, rather than a properly licensed photograph provided by
5  Remrylie.
6      11.   Remrylie did not learn that the photograph used in the Design was not
7  properly procured until the photographer sent a cease and desist letter, which
8  preceded the filing of the action Dana Lixenberg v. Bioworld Merchandising, Inc.,
9  etc. et al., Case No. 2:15-cv-07242-MWF-MRW.

### RELEVANT CONTRACT PROVISIONS

11      12.   The Agreement contains a number of provisions relevant to this
12  dispute. Once Bioworld created a product design, which included, inter alia, designs
13  for t-shirts, tops and sweatshirts, it was required to get Remrylie's approval as to
14  the overall appearance of the garment to ensure it complied with the Mr. Wallace's
15  estate's design esthetic and was not disparaging to BIG's memory. Exhibit A §§ 1,
16  9.
17      13.   As an express condition to receiving such a license grant, Bioworld
18  specifically represented and warranted as follows:

> Bioworld warrants, represents and agrees… that no materials of any kind or nature, except those supplied by REM, including but not limited to any such materials supplied or created by BIOWORLD or anyone under the direction or control of BIOWORLD, shall infringe on the rights (including but not limited to copyright, trade or service mark, publicity or privacy) of any third party and shall not be considered defamatory or obscene. Exhibit A §12.

### FIRST CLAIM FOR RELIEF
### (Breach of Contract)

27      14.   Remrylie repeats and realleges the allegations of the foregoing
28  paragraphs 1 through 13 as if fully set forth herein.

15. The Agreement, and all provisions therein, is a valid and enforceable contract which is certain and unambiguous in its terms.

16. Remrylie has fully performed all of its obligations under the Agreement.

17. Bioworld has committed several material breaches of the Agreement, including using materials that infringe on the copyrights of a third party.

18. Bioworld's breach is and has been willful.

19. Remrylie has been damaged, in an amount to be determined, as a direct and proximate result of Bioworld's breach.

## SECOND CLAIM FOR RELIEF

**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

20. Remrylie repeats and realleges the allegations of the foregoing Paragraphs 1 through 19 as if fully set forth herein.

21. Remrylie and Bioworld entered into the Agreement subject to an implied covenant of good faith and fair dealing, which requires the parties to remain faithful to the intended and agreed-upon expectations of the parties, and to refrain from improper conduct and material breaches of the Agreement such as those alleged by Remrylie in this complaint.

22. By refusing to honor the material terms of the Agreement, Bioworld has breached the agreement, and deprived Remrylie of the Agreement's benefits and brought Remrylie into costly litigation through no fault of its own. Bioworld's conduct thereby constitutes a breach of the covenant of good faith and fair dealing, which is implied as a matter of law within the agreement.

23. As a result of Bioworld's breach of the covenant of good faith and fair dealing, Remrylie has suffered damages in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF

**(Negligent Misrepresentation)**

24. Remrylie repeats and realleges the allegations of the foregoing

Paragraphs 1 through 23 as if fully set forth herein.

25. Bioworld misrepresented the infringing status of the photograph used in the Design when it presented the Design to Remrylie for approval.

26. Bioworld knew the photograph was infringing, and therefore inappropriate for use in the Design, when it presented it to Remrylie, because Bioworld had downloaded the image from the internet, and removed a watermark from the original photograph.

27. Bioworld made this misrepresentation with the intent to gain Remrylie's approval to use the infringing photo in the creation of merchandise.

28. Remrylie justifiably relied on this misrepresentation in assuming the photograph was properly licensed.

## **PRAYER FOR RELIEF**

WHEREFORE, Remrylie respectfully requests the Court to enter judgment in favor of Remrylie and against Bioworld as to all claims asserted herein as follows:

A. Granting a judgment that Bioworld has materially breached the contract;

B. Awarding damages to Remrylie;

C. Granting a judgment that this case is exceptional under 35 U.S.C. §285 and ordering Bioworld to pay to Remrylie its reasonable attorney fees incurred in this action; and

D. Granting Remrylie such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38 and Central District of California L.R. 38-1, Remrylie demands a trial by jury on all issues so triable.

Dated: January 9, 2017

NIXON PEABODY LLP

By: /s/ Staci Jennifer Riordan

*Attorneys for Plaintiff*
REMRYLIE LICENSING, INC.